UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

v.                                                  CRIMINAL NO. 2:02cr172-7

**TRENT DOUGLAS REID,**

      **Defendant.**

## MEMORANDUM ORDER

This matter comes before the court on the Defendant's Motion for Reconsideration, ECF. No. 213, of the court's Order denying his Motion for Compassionate Release, filed pro se on August 31, 2020, ECF No. 204.

### I. Procedural History

On March 5, 2003, the Defendant pled guilty to Count One of the nineteen-count Second Superseding Indictment. ECF No. 18. Count One charged him with Conspiracy to Distribute and Possesses with Intent to Distribute in Excess of 1,000 Grams of Heroin, in violation of 21 U.S.C. § 846. On June 5, 2003, the court sentenced the Defendant to imprisonment for life and five (5) years of supervised release. ECF No. 24. On September 20, 2007, the court reduced the Defendant's sentence to three hundred sixty (360) months. ECF No. 51.

On August 31, 2020, the Defendant filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 204. The Defendant requested that his sentence be reduced

because of the spread of the novel Coronavirus ("COVID-19"). On September 10, 2020, the court issued an Order denying the Motion for Compassionate Release for failure to exhaust administrative remedies. ECF No. 208. On October 13, 2020, the Defendant filed a Motion for Reconsideration with additional documentation to show that he exhausted his administrative remedies. ECF No. 213.

## II. Motion for Reconsideration

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the court may modify a term of imprisonment, if it finds that "extraordinary and compelling reasons warrant such a reduction." Id. Before the court may consider such a motion, however, the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must have been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Id. § 3582(c)(1)(A).

The Defendant attaches to his Motion for Reconsideration documentation that appears to show that he requested compassionate release from the warden of his facility, and he asserts that the warden did not act on that request within thirty (30) days. See ECF No. 204 at 1; ECF No. 213-3, Ex. C. The United States does not dispute the Defendant's assertion that he exhausted his administrative remedies. Thus, it appears that more than thirty (30) days have lapsed since the warden received the Defendant's

2

request for compassionate release. Accordingly, the court finds that the Defendant has satisfied the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). Therefore, the court will reconsider the Defendant's Motion for Compassionate Release.

### III. Motion for Compassionate Release

Next, the court must consider whether the Defendant has shown "extraordinary and compelling reasons" that justify a reduction in his sentence. Any reduction under § 3582(c)(1)(A) must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A); see United States v. McCoy, Nos. 20-6821, 20-6869, 20-6875, 20-6877, 2020 WL 7050097, at *2 (4th Cir. Dec. 2, 2020). In McCoy, the Fourth Circuit held that "there currently exists no 'applicable policy statement'" because the Commission has not issued a policy statement since the passage of the First Step Act. 2020 WL 7050097, at *7. Therefore, until the Sentencing Commission issues an updated policy statement, "district courts are 'empowered to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at *9 (alteration omitted) (quoting United States v. Brooker, 976 F.3d 228, 230 (2d Cir. 2020)).

Although the policy statement in U.S.S.G. § 1B1.13 is no longer binding on this court after the Fourth Circuit's decision in McCoy, the court finds certain of its provisions useful in addressing the instant Motion. For example, the court will still

3

consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," U.S.S.G. § 1B1.13, and whether "[t]he defendant is . . . a danger to the safety of any other person or to the community," id. § 1B1.13(2), because these considerations remain highly relevant to whether a reduction in sentence is warranted in this case. See United States v. Dean, Case No. 15-CR-0339(1), 2020 WL 7055349, at *1-2 (D. Minn. Dec. 2, 2020) (citing McCoy and stating that "the court will treat § 1B1.13 as providing useful guidance about how the Court should exercise its discretion under § 3582(c)(1)(A), but the Court will not treat its provisions as binding").

The court concludes that the Defendant is not entitled to a sentence reduction for several reasons. First, the Defendant has not demonstrated "extraordinary and compelling" reasons that warrant a reduction. The Defendant, who is 54 years old, has submitted medical records showing he suffers from hypertension, and argues that this underlying condition puts him at a heightened risk of severe illness or death should he contract COVID-19. See ECF No. 204 at 1-4; id., Ex. A. The United states argues that the Bureau of Prisons ("BOP") is adequately treating and monitoring the Defendant's "low-level hypertension," and has prescribed medication that the Defendant refuses to take. ECF 218 at 3; see ECF No. 213, Ex. A at 4. The Defendant asserts that he does not

4

take the medication due to "[s]evere and unbearable side effects." ECF 221 at 1.

"In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Feiling, No. 3:19CR112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (Novak, J.) (emphasis added); see id. (collecting cases). The defendant fails to establish that he is particularly susceptible to COVID-19 in relation to other inmates because the BOP appears to be adequately treating the Defendant for his health issues. See ECF No. 213, Ex. A at 4. The BOP diagnosed the Defendant's hypertension and prescribed him medication to treat the condition. See id. The BOP prescribed him a different medication after he complained of adverse effects from the first medication. See id. The Defendant chooses not to take medication for his hypertension, and therefore has not established any specific shortcomings by his facility in handling his medical conditions. See United States v. Ayon-Nunez, No. 1:16cr130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release."). Furthermore, the Defendant has not established a particularized risk of contracting COVID-19. See Feiling, 2020 WL 1821457, at *7. He is currently

incarcerated at FCI Bennettsville, a facility that appears to have no active COVID-19 cases among inmates as of December 10, 2020.[1] Accordingly, the Defendant cannot show "extraordinary and compelling" reasons on this ground.

Second, the Defendant's release would present a danger to the community, and the factors that the court must consider in 18 U.S.C. § 3553(a) weigh against the Defendant's release. The Defendant contends that he has already served "a substantial portion" of his sentence, and that his completion of numerous programs and classes demonstrates "significant efforts at rehabilitation." See ECF No. 213 at 5; id., Ex. B.

However, the Defendant's offense conduct was extremely serious, as the Defendant himself acknowledges. See ECF No. 213 at 5. The Defendant served as a "manager" in a vast drug-trafficking conspiracy led by his brother, Terrance Reid, that lasted from 1998 to 2002. ECF No. 215, PSR ¶¶ 34-116. The Defendant continued his wrongful conduct even after his arrest by directing a co-conspirator to collect drug proceeds. Id. ¶ 119. The court attributed 11.69 kilograms of heroin to the Defendant at sentencing, and he received a three-level enhancement for his role in the offense, and a two-level enhancement for possessing a firearm during the offense. Id. ¶ 119, Worksheet A. He also

---

[1] See www.bop.gov/coronavirus/ (last visited Dec. 10, 2020).

6

received a two-level enhancement for obstruction of justice because of his attempts to have his brother, Darren Reid, create fictitious employment documents after his arrest. Id. ¶ 121. Even though he pled guilty to the offense, the Defendant did not receive any reductions for acceptance of responsibility because of numerous misrepresentations and lies he made to the probation officer about the offense conduct. Id. ¶ 122.

Moreover, with a Criminal History Category of VI, the Defendant's "lengthy and serious criminal record" weighs against his release. Id. ¶ 140; See Coleman v. United States, No. 4:17-CR-69, 2020 WL 3039123, at *4 (E.D. Va. June 4, 2020) (Jackson, J.) ("[T]he Court is advised against grants of compassionate release when the petitioner is a danger to the safety of any person or to the community."). Reducing the Defendant's sentence would not reflect the seriousness of the offense, promote respect for the law, or provide adequate deterrence. See 18 U.S.C § 3553(a).

Finally, the Defendant's proposed release plan "fails to establish how his release . . . presents a viable alternative sentence." Feiling, 2020 WL 1821457, at *8. If released, the Defendant would reside in Virginia with his brother, Darren Reid. ECF No. 221 at 3. However, Darren Reid was arrested and incarcerated as a co-conspirator in the underlying offense conduct, and continued the drug-trafficking conspiracy after the arrest of the Defendant and Terrance Reid. ECF No. 218 at 3-4; see

7

PSR ¶¶ 24, 116. Moreover, the Defendant claims to have an offer of employment at CR Plus Contractors LLC, and states that he's interested in attending classes to obtain a Commercial Driver's License. See ECF No. 213 at 5-6. Compared to his continued incarceration at a facility that currently has no active COVID-19 cases among inmates, the Defendant's plan "presents its own risks to [his] health, the health of his family and public safety." Feiling, 2020 WL 1821457, at *8. In sum, the Defendant fails to establish a how his release presents a viable alternative sentence.

### IV. Conclusion

For the foregoing reasons, the Defendant's Motion for Reconsideration, ECF No. 213, is **GRANTED**. Upon reconsideration, as set forth herein, and having considered the factors in 18 U.S.C. § 3553(a), the court concludes that the Defendant is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Accordingly, the Defendant's Motion for Compassionate Release, ECF No. 204, is **DENIED**. The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to the Defendant, the United States Attorney at Norfolk, and the BOP.

IT IS SO ORDERED.

/s/ Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

December 10, 2020